PROB 12C
(7/93)

# United States District Court
## for
## District of New Jersey
## (Amended) Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Anthony Gagliardi                                      Cr.: 94-00651-001

Name of Sentencing Judicial Officer: Dickinson R. Debevoise

Date of Original Sentence: 07/24/95

Original Offense: Possession with Intent and Distribution of heroin (6 counts); Possession of a firearm by convicted felon (1 count); Possession with intent to distribute within a school zone (1 count); Possession with Intent to Distribute heroin (1 count.)

Original Sentence: 70 months on each count (concurrent); 6 years supervised release

Type of Supervision: Supervised Release                    Date Supervision Commenced: 12/30/99

Assistant U.S. Attorney: Kathleen O'Leary, AUSA            Defense Attorney: Linda Foster, AFPD

## PETITIONING THE COURT



[X] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | The offender has violated the supervision condition which states '**You shall not commit another federal, state, or local crime.**'

On August 17, 2006, the offender appeared in the United States District Court, Eastern District of Pennsylvania for sentencing after being convicted by jury verdict of conspiracy to distribute more than 500 grams of cocaine (Class A felony) and attempt to possess cocaine with the intent to distribute (Class B felony). The court imposed a custodial term of 180 months, eight years supervised release, a $2,000 fine and $200 special assessment.

The investigation conducted by the Federal Bureau of Investigation revealed the offender participated in a conspiracy to distribute cocaine from March 2002 through approximately December 2002. During March 2002, Gagliardi was introduced to a cooperating witness and began conspiring with him to distribute cocaine. On two separate occasions in August and September 2002, the offender received one-half kilogram quantities of cocaine for distribution. On October 29, 2002, Gagliardi arranged to possess approximately two kilograms of cocaine from a three kilogram shipment sent by Federal Express to a residence in Levittown, Pennsylvania; however, the package was intercepted pursuant to a state search warrant. On November 14 and November 18, 2002, Gagliardi received approximately one-half kilogram amounts of cocaine respectively from the cooperating witness. The jury determined the defendant's participation in the conspiracy involved at least 500 grams, but less than five kilograms of cocaine and his attempt to possess cocaine with the intent to distribute involved less than 500 grams.

2   The offender has violated the supervision condition which states '**You shall not leave the judicial district without the permission of the Court or Probation Officer.**'

On October 10, 2002, during the course of the investigation, Gagliardi was observed in Bristol, Pennsylvania with Steven Carnivale. With the assistance of a cooperating witness, he was positively identified to law enforcement. The offender did not have permission from the probation officer to be in the Commonwealth of Pennsylvania this date.

On October 17, 2002, while under surveillance by members of law enforcement, the offender was observed at Manny Brown's Restaurant, Langhorne, Pennsylvania. The offender did not have permission from the probation officer to be in the Commonwealth of Pennsylvania this date.

On October 29, 2002, while under surveillance by members of law enforcement, Gagliardi was noted present at the address of 47 Yellowood Road, Levittown, Pennsylvania, for receipt of a quantity of cocaine that had been intercepted prior to delivery. The offender did not have permission from the probation officer to be in the Commonwealth of Pennsylvania this date.

On November 26, 2002, while under surveillance by members of law enforcement, Gagliardi was present at 900 Second Avenue, Croydon, Pennsylvania, a garage being used by Steven Carnivale as a drug stash location. On this date, a confidential informant, wearing a wire, paid Carnivale $2,500 in funds provided by law enforcement to purchase a quantity of cocaine. During this meeting it was noted the confidential informant owed an additional $7,000 for the drug transaction. The offender did not have permission from the probation officer to be in the Commonwealth of Pennsylvania this date.

3          The offender has violated the supervision condition which states '**You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**'

The criminal conduct which comprises the new federal conviction involves the offender conspiring with Steven Carnivale, an admitted associate of the Philadelphia Organized Crime Family and a drug associate of the offender. On several dates, Gagliardi met with Carnivale in order to conduct drug transactions. On November 26, 2002, Gagliardi was present with Carnivale at 900 Second Avenue, Croydon, Pennsylvania, a garage being used by Carnivale as a drug stash location. On this particular date, a confidential informant, wearing a wire, was present with Gagliardi and Carnivale and recorded a conversation between them outlining Carnivale's ability to obtain high quality marijuana. During this same meeting, the confidential informant paid Carnivale $2,500 in the company of Gagliardi and agreed to pay $7,000 more. Carnivale had indicated to Gagliardi that Gagliardi should not tell Joe [Altimari] Carnivale had accepted a promise of $7,000 payment. Gagliardi responded by saying that Carnivale should tell "Joe" that he [confidential informant] did not have any money. This conversation clearly indicates Gagliardi was associating with Carnivale who was engaged in criminal activity.

4          The offender has violated the supervision condition which states '**The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.**'

On January 29, 2002, the offender provided a urine sample for testing which subsequently proved positive for marijuana by laboratory analysis.

I declare under penalty of perjury that the foregoing is true and correct.

By: *Donna W. Shaw for* Sharon A. O'Brien
Senior U.S. Probation Officer
Date: 11/06/06

---

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[X] The Issuance of a Summons.   Date of Hearing: Nov 9, 2006 at 3:30 P.M.
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

Nov. 6, 2006
_____
Date